Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2554 | **DATE** | 6-1-2011 |
| **CASE TITLE** | Durwyn Talley (#B-52081) vs. C/O Goodman, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [6] is denied. Plaintiff is reminded that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Durwyn Talley, a state prisoner, brought this *pro se* action under 42 U.S.C. § 1983. Talley alleges Defendants, two officers at the Cook County Jail, violated his constitutional rights by using excessive force against him, by subjecting him to an unreasonable strip search, and by retaliating against him for having filed a grievance. Talley has moved for appointment of counsel.

The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a *pro se* litigant moves for appointment of counsel, the court first must consider whether the plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Id*. at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id*. at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id*. at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

    After considering these factors, the court concludes that appointment of counsel is not warranted in this case. First, Talley has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, Talley has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Talley's claims are so complex or intricate that a trained attorney is necessary. Talley, who has filed multiple lawsuits and whose submissions to date have been coherent and articulate, is more than capable of presenting his case, notwithstanding the limitations posed by his incarceration. It should additionally be noted that *pro se* litigants enjoy wide latitude in the handling of their lawsuits. Therefore, Talley's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court would entertain a renewed motion by Talley for the appointment of counsel.